VINCENT *against* B. & J. GERMOND.

THIS was an action of *assumpsit* for cattle &c. sold and delivered, and was tried at the *Dutchess* circuit, in *November*, 1813, before Mr. Justice *Spencer*.

It was proved at the trial, that in *June*, 1812, *B. Germond*, one of the defendants, came to the plaintiff, and asked him if he had any cattle to sell, and the plaintiff replying in the affirmative, they went together into the field to look at them. *B. Germond* offered 280 dollars for the cattle, *four* in number, which, after some hesitation, the plaintiff agreed to accept, if they were at *B. G's* risk, observing that he had had one or two cattle injured by the clover, in the field where the cattle were feeding. *B. Germond* replied, that he took them at his own risk, and the cattle must remain where they were; that he would call and take them away as soon as he had completed his *drove*. After the bargain was concluded, the cattle so purchased continued in the same field, with other cattle of the plaintiff; in a few days one of them died, being injured by the clover. On the fourth of *July*, following, *James Germond*, the other defendant, came alone to the field and took away the three remaining cattle, without saying any thing to the plaintiff.

The defendant' gave some evidence of a *tender* to the plaintiff, in *June*, 1813, of the price of the three cattle left. It was agreed, that 231 dollars was a sufficient compensation for the three cattle.

The defendants' counsel objected to the parol evidence of the contract, which was admitted by the judge, reserving the question, and a verdict was taken for the plaintiff for three hundred and eleven dollars and three cents, being the price of the *four* cattle, with *interest*.

The case was submitted to the court without argument.

*Per Curiam.* No earnest money having been paid, nor any writing made between the parties relative to the contract, the question is, whether there was such a delivery of the cattle as to take the case out of the statute of frauds. It was not made

Where, on a sale of cattle, no earnest money was paid, nor any memorandum in writing made, and the cattle were to remain in the possession of the vendor at the risk of the vendee until he called for them; and the vendee afterwards came and took away the cattle, without saying any thing to the vendor: this was held to be a sufficient delivery, within the statute of frauds.

a question whether the defendants were partners, so as to be bound by the acts of each other. It may be questioned whether what took place between *B. Germond* and the plaintiff, if standing alone, would amount to a delivery; but the subsequent conduct of the other defendant, in taking away the three oxen, without any new contract, affords sufficient ground to infer a delivery. This was the exercise of an act of ownership over the property, in confirmation of the bargain. The defendants dealt with the oxen as their own, and as if in their actual possession, without asking any permission from the plaintiff for so doing. This must have been done in virtue of the right acquired by the original contract and transfer of the property. Such exercise of ownership, by selling part of the property, was, in the case of *Chaplin* v. *Rogers*, (1 *East*, 192.) held a sufficient delivery to take the case out of the statute. And the case of *Elmore* v. *Stone* (1 *Taunt. Rep.* 457.) is much stronger on this point. It was there held that an agreement between the parties, that the vendor should keep the horses sold, for the vendee, at livery, was sufficient to vest the property in the buyer, without any written contract or earnest paid. The opinion of the court, upon this point, renders it unnecessary to notice the other question made in the case. The plaintiff must accordingly have judgment upon the verdict for three hundred and eleven dollars and three cents.

Judgment for the plaintiff.