By the Court. Sandford, J.
The defendant makes a point that the cider contracted to be delivered, was not susceptible of delivery at the time the contract was made, but was to be bought of farmers by the plaintiffs, and prepared for market by refining it, <fcc., and therefore the agreement was one for work and labor, and not within the statute of frauds.
The law is perfectly well settled, both here and in England, that this was a contract for the sale of goods. (Downs v. Ross, 23 Wend. 270 ; Garbutt v. Watson, 5 B. & Ald. 613.) There is no doubt that the agreement in question was void by the statute.
It was proved that the plaintiffs proceeded to make deliveries *242 of cider at several different times between November and April, all of which were paid for as delivered, except the hundred barrels for which this suit was brought, and which were delivered in March or early in April. There is no evidence showing what quantity was delivered on the several occasions prior to the last; but it was not pretended that the entire quantity received by the defendant was equal to the smallest quantity specified in the contract of sale. The notice attached to the defendant’s plea, states that 280 barrels were delivered in the whole, and the proof falling short of establishing that quantity, it is safe to assume that not more than half of the smallest quantity contracted for, was ever forwarded by the plaintiffs. On the proof given, the defendant contends, first, that the delivery and acceptance of these several lots or portions of the cider, took the contract out of the statute. Second, that whether originally void or not, it has been performed by both parties without objection, and neither party can now avail himself of the statute to avoid any liability he may have incurred in that performance. Third, that the whole should be regarded as one transaction, growing out of one contract, and any loss m damage the defendant may have sustained by defects in any part of the cider in any of the lots delivered, ought to be allowed to him by way of recoupment against the price of the same, or any other of the lots or parcels.
1. As to the defendant’s first proposition. It is true that where an order for goods, or a contract for the sale of goods, embraces several distinct lots or parcels, and a part of the goods is delivered and accepted at the time of the sale, the contract is not within the statute. What will be deemed a cotemporary delivery, it is foreign to our present purpose to inquire. Whenever the question has been presented on such a contract, the effort has been to establish that there were separate and distinct sales of the respective parcels. If the court ascertained that it was a single sale, though consisting of several articles, it has been uniformly held that the statute did not apply where a part had been received and accepted. This was the ground of the decision in the most recent, as well as the strqngest case we have seen. (Scott v. The Eastern Counties Railway Company *243 12 Mees. & W. 33.) There the contract was for lamps, one of which, a very large and peculiar lamp for a junction, was to be manufactured, and required a long time for its completion. All the others were delivered at or about the time of the contract. The acceptance of those, was held to satisfy the statute of frauds, as well as the statute 9 Geo. IV., c. 14, s. 7. extending its provisions to contracts for goods subsequently to be made, because the whole formed one entire contract.
The case of Vincent v. Germond, (11 Johns. 283,) cited by the defendant, does not decide that the acceptance of a part, after the making of the contract, will relieve it from the operation of the statute. It was decided, that there was a sufficient delivery to take the case out of the statute, meaning at the time of the sale. This is apparent from a careful examination of the case, which was submitted .without argument, and is very briefly stated by the reporter. When the sale was made, the four oxen were in the plaintiff’s clover field, and he said he had had one or two injured by feeding there. The defendant said he would take them at his own risk, and they must remain where they were till he completed his drove, when he would take fiiem away. A short time after, he came and took away three of them, without saying any thing to the plaintiff. The fourth had died in the mean time, from eating clover. The court said, the taking them in this mode, with what occurred at the sale, warranted the inference of a delivery. That the defendant dealt with the oxen as his own, and as if in his actual possession, in virtue of the original contract and transfer of the property.
We can find no authority for saying, that a parol agreement to deliver goods at a future time, becomes valid as to the whole by the delivery of a portion at, or subsequent to, such time. It is stated in one approved treatise, as the result of the decisions in England, that where the contract is to deliver goods in parts or parcels, at different intervals, at a certain price for each part; although the contract may be void for want of writing, as regards the executory part of it, yet the prices of the parts actually received, are recoverable under a count for goods sold. (Chitty on Cont. 396.) We will not stop to inquire how far *244 this is correct as to the price, or whether the recovery must not be on a quantum meruit. We need only say, that no authority goes further than this, and this does not go far enough to sustain the defendant’s position.
In Mavor v. Pyne, (3 Bing. 285,) where the agreement was for an illustrated publication, to be issued in twenty-four monthly numbers, at a guinea a number, and was void by the statute ; it was held, the publisher could recover for the numbers actually delivered. The court said, he could not recover on the original contract, but he was entitled to be paid for the numbers received by the defendant. That the parties meant each number was to be paid for as it came out, and the subscription was to be considered as a divisible contract.
Chief Baron Hale, in 1662, held, that several deliveries, made under an entire agreement, if severally accepted, made so many several contracts. (Barker v. Sutton, 1 Campb. N. P. 55, note. And see to the samé effect, Banker v. Hoyt, 18 Pick. 555.)
Recurring to the agreement before us, it was for the delivery of from five to eight hundred barrels of cider, during the ensuing five or six months, in such quantities or shipments as the sellers might find convenient, at the price, of four dollars per barrel, to be paid for each shipment when received, in an indorsed note at sixty days. There was no written evidence of the contract, nor payment of any part of the price. There was no acceptance or receipt of the goods by the buyer; and by its stipulations, there was to be no delivery of any of them until an undefined future period.
Now the statute declares such a contract to be absolutely void. It was undeniably void when it was made, and for the month or two intervening between that time and the first delivery of the cider. Did the acceptance of that first parcel, breathe into this void contract the breath of life, and make it valid for the whole quantity of goods embraced in it ?
• We cannot so regard the effect of such a partial delivery. We think the contract, if void .when it is made, can never become a valid agreement. Subsequent acts may establish a new contract, of sale between the parties, either express or implied, and embodying more or less of the terms of the original ar *245 rangement; but they cannot re-animate the previous void agreement. For each delivery of cider, the sellers were entitled to be paid ; not by force of the void contract of sale, but by force of a new one, founded on the receipt and acceptance of the specific goods.
If the delivery of the first parcel of cider established the entire agreement, it would follow that if the sellers had declined to deliver any more, the buyer could have sued them and recovered damages for its breach; and if the buyer had refused to receive the residue of the five hundred barrels, the sellers could have enforced the sale by action against him. These are necessary and inevitable consequences, resulting from the effect claimed to be given to the acceptance of a part of the cider, under this once void agreement; for it cannot be revived partially by such an act. It is entire and valid, or it is all alike null and inoperative. The defendant’s counsel were unwilling to maintain, that such an acceptance of a part would enable either party to enforce the agreement as to the residue; but we think this position must be maintained, or the whole argument fails.
Our view of the law is, that the agreement made between the parties in November was void, and was never capable of being enforced by either party. That the delivery and acceptance of the several shipments of cider, forwarded under the agreement, or in consequence of it, made so many several and distinct contracts of sale ; upon each of which each party had all the actions and remedies incident to a sale. The plaintiffs could recover the value of each shipment upon its being accepted, and the defendant could reduce or defeat the recovery, by proving fraud or any other defect in the sale.
2. The defendant’s next ground was, that although the contract were void, it has been performed by both parties, without objection; and neither party can now set up the statute to avoid any liability he may have incurred in that performance.
As to this point, it is not correct to assume that the contract has been performed. It never was performed, to the extent of half of the stipulated quantity. We have already said, that in respect of each shipment accepted, each party had a perfect *246 remedy as' upon a valid sale and purchase of the quantity contained in such shipment. Neither party could set up the statute of frauds to defeat or impair the remedy of the other for or upon such shipment, for the plain reason, that the statute had nothing to do with it. It was simply a sale of so much cider, delivered and accepted at the time. But we cannot assent to the proposition intended by the defendant in his point, that because the contract, though void, has been performed in part, to the extent of such performance, it is to be deemed an entire, single, and valid contract, upon the terms stipulated in November, for all the cider delivered between November and May. This would be doing violence to the statute of frauds, and the reasons we have given show, that it cannot be maintained as law. Each shipment must be regarded as a sale by itself of the quantity accepted, independent of the previous void contract.
3. The defendant’s third proposition, that the whole of the shipments should be regarded as one transaction, growing out of one contract, is inadmissible, upon the same grounds which we have stated in examining the previous points. The one contract relied upon to bring all these shipments together was void, and therefore was no contract, and each must stand or fall by itself. As they were distinct sales, they cannot be regarded as one transaction, so as to entitle the defendant, in a suit for the price of the last parcel delivered, to have allowed to him his damages growing out of any of the previous deliveries. The defendant does not ask to set off these damages ; and the doctrine of recoupment is limited to damages arising from, or growing out of, the contract upon which the action is brought. (Cram v. Dresser, Sept. 30th, 1848.)(a)
This disposes of the principal questions raised at the trial. The objections to the judge’s charge are untenable. There was no disputed fact, in respect of the delivery of the cider; and whether the last was a separate transaction or not, was a question of law, and as such it has been argued and considered. As to the instruction relative to the offer to return the cider last delivered, it was entirely correct The offer referred to by the *247 witnesses, was nearly a month after its receipt, and related to fifteen or twenty barrels only, out of one hundred delivered. In the view, we have taken of the law, the charge was decidedly favorable,.to the defendant.
Motion for new trial denied.

 Ante, page 120.