## BAKER & PERKINS *vs.* CUYLER.

An act done by one of the parties to a contract, which is rightfully treated by the other party as a trespass, can not, by a subsequent understanding, be made a sufficient partial delivery and acceptance of goods, to take a case out of the statute of frauds.

The parties entered into a verbal contract, whereby the plaintiffs agreed to sell, and the defendant to purchase, all the wheat the plaintiffs had in their warehouse which should remain after P. & Co. should take away 800 bushels sold to them. The defendant afterwards, in the absence of the plaintiffs, without any permission, and before P. & Co. had taken away their part, took from the warehouse over 100 bushels of the wheat. The plaintiffs, on being informed of such act, complained of it, and insisted that it was not authorized by the contract, and said the wheat must be returned. Subsequently, P. & Co. took away their 800 bushels, and there remained in the warehouse about 340 bushels, which the plaintiffs requested the defendant to take away and pay for, calling it the defendant's wheat. The defendant promised to do so, but did not, and the plaintiffs, after due notice to him, sold the wheat and brought an action to recover the difference between the price obtained and the contract price. *Held* that the action would not lie.

THIS action was commenced in August, 1847. The declaration contained two counts, upon a special contract for the sale and purchase of wheat, assigning as a breach a refusal to receive and pay for the wheat; also the common counts for goods bargained and sold, and sold and delivered.

It appeared upon the hearing before a referee, that about the 1st of June, 1847, the parties entered into a verbal contract, whereby the plaintiffs agreed to sell, and the defendant to purchase, all the wheat the plaintiffs had in their warehouse which should remain after Pease & Co. should take away 800 bushels,

which the plaintiffs had contracted to sell to them. The price to be paid by the defendant was twelve shillings and six pence per bushel. Soon afterwards, in the absence of the plaintiffs, and before Pease & Co. had taken away any part of the 800 bushels, the defendant, without any permission, took from the warehouse over 100 bushels of the wheat, and sent his teams for more, but was prevented by the plaintiff Baker, who had return-ed, from obtaining any further quantity. Baker complained of the taking of wheat by the defendant, insisting that it was not authorized by the contract, and said the wheat must be returned. Several days subsequent to this, Pease & Co. took their 800 bushels, and there then remained in the warehouse about 340 bushels, which the plaintiffs soon after requested the defendant to take away, and settle for the same ; the plaintiffs calling it the defendant's wheat. The defendant promised to do so, but did not, and the plaintiffs, after due notice to the defendant, sold the wheat for nine shillings a bushel, the then market price. A report was made by the referee in favor of the plaintiffs, for $156,66, in addition to $189,73, which the defendant had ten-dered to the plaintiffs, being the contract price of the wheat taken by him and interest, and which sum he had brought into court. The defendant now moved that the report be set aside.

*James Wood, Jun.* for the defendant.

*C. Tucker,* for the plaintiffs.

*By the Court,* T. R. STRONG, J.   The contract between the parties when made, was clearly within the statute of frauds, and .void ; and the taking of a portion of the wheat in the warehouse by the defendant, without the consent of the plaintiffs, did not, independent of the subsequent acts of the parties, relieve the contract from the operation of the statute. It is claimed, how-ever, on the part of the plaintiffs, that the request afterwards made by them to the .defendant, to take away the balance of the wheat and pay them, and his promise to do so, had the effect to convert the act of the defendant in taking the wheat wrongfully obtained by him, into a delivery by the plaintiffs and an acceptance

Baker *v.* Cuyler.

by the defendant, of the part taken as a portion of the wheat sold, and to render the contract valid. It may be assumed for the purposes of this case, that a receipt and acceptance of goods to take a case out of the statute of frauds, need not be at the time of the making of the contract, but that it is sufficient if they take place at a subsequent time ; and perhaps such is the law. (*Sprague* v. *Blake,* 20 *Wend.* 61. *Contra, Seymour* v. *Davis,* 2 *Sandf.* 239, 243.) The question therefore is, did the defendant accept and receive on the contract, part of the wheat embraced in it, within the meaning of the statute? If he did, the contract became valid ; otherwise not.

To constitute such a receipt and acceptance of goods as will take a case out of the statute of frauds, "there must be a delivery of the goods by the vendor, with the intention of vesting the right of possession in the vendee, and there must be an actual acceptance by the latter with the intention of taking the possession as owner." (*Phillips* v. *Bistolli,* 2 *Barn. & Cress.* 511.) "Acceptance is an act done by two parties, one of whom is content to deliver, and the other to receive the subject matter of the contract." (*Acraman* v. *Swift,* 8 *Man. Gr. & Scott,* 449, 459.) In *Shindler* v. *Houston,* (1 *Comst.* 261, 265,) Gardiner, justice, says, the language of the statute is "unequivocal, and demands the action of both parties ; for acceptance implies delivery, and there can be no complete delivery without acceptance." It is manifest the same rule must prevail in respect to a receipt and acceptance of part, so far as that part is concerned, as in respect to the whole. When the acceptance of part is relied on, it must be a part of the goods contracted to be sold. (2 *R. S.* 136, § 3, *sub.* 2.)

The defendant in the present case, in taking the wheat, which it is now contended must, by the subsequent mutual assent of the parties be regarded as having been delivered and accepted on the contract, was a trespasser. The plaintiffs might have sued him as such, and recovered the wheat, or the value of it, without regard to the contract. (*Acraman* v. *Swift, supra.*) Perhaps also, inasmuch as the defendant in taking the wheat claimed a right to do so under the contract, the plaintiffs might,

Baker *v.* Cuyler.

on learning the fact, have assented to that claim, and thereby rendered the taking a sufficient partial delivery and acceptance to make the contract binding. They did not do so however, but elected to treat the defendant as a wrongdoer, and insisted upon his returning the wheat. But notwithstanding the taking was tortious and the plaintiffs so treated it, they might, in case of a sale of the wheat or of the flour from it, if. manufactured into flour, have waived the tort and recovered the proceeds in an action for money had and received. (*McKnight* v. *Dunlop,* 4 *Barb.* 42, *and cases cited.*) And it was doubtless competent for the parties, by mutual agreement, to treat the transaction as a sale of the portion taken, so as to authorize the plaintiff to maintain an action for the price or value of that portion as wheat sold and delivered. But could they in that mode, by a mere agreement to regard an act as a delivery of part of the wheat sold and a receipt and acceptance of it, which was not such, but was tortious at the time, give vitality to a void contract?

There is plausibility, and perhaps force, in the position that the wheat actually taken was not part of the wheat agreed to be sold. The contract related to the wheat which should remain in the warehouse after the 800 bushels sold by contract should be removed; that taken was from the bulk in the warehouse before the removal of the 800 bushels. An agreement to regard the receipt of other wheat than was contracted for, made subsequent to the receipt, as delivered and accepted on the contract, obviously would not satisfy the statute. But aside from this objection,.I am unable to bring my mind to the conclusion that any act which was rightfully treated by one of the parties to a contract as a trespass, can, by a subsequent understanding, be made a sufficient partial delivery and acceptance to take a case out of the statute of frauds. Some further act of the parties is in my opinion necessary. (*See Shindler* v. *Houston, supra.*)

The view taken of the question considered, renders it unnecessary to pass upon other questions in the cause.

The report must be set aside; costs to abide the event.

[CAYUGA GENERAL TERM, June 7, 1852. *Selden, Johnson* and *T. R. Strong,* Justices.]