WARREN MARSH & others *vs.* LEONARD HYDE, JR.

The delivery, required to take a verbal agreement for the sale of goods out of the statute of frauds, may be subsequent to the agreement.

ACTION OF CONTRACT on a verbal agreement for the sale by defendant to the plaintiffs of two mows of hay, stored in two separate barns, and containing about twenty tons, at the rate of fourteen dollars a ton. The case was referred by rule of court. At the hearing before the referee, there was evidence to prove a verbal agreement for the sale of the hay, at the price named, to be paid for as it was delivered ; and that the defendant, at different times, some days afterwards, delivered three loads of the hay, amounting in all to about two tons, and then refused to deliver the remainder. The defendant objected that the contract was within the statute of frauds ; and the referee reported the facts so as to present this question to the court.

*C. C. Nutter & T. F. Nutter,* for the plaintiffs.

*H. C. Hutchins,* for the defendant.

BIGELOW, J. The report of the referee presents the question whether the contract was binding on the parties under the statute of frauds—Rev. Sts. *c.* 74, § 4. The defendant's objection is put on the ground, that, there having been no delivery of any part of the hay at the time the agreement was entered into for its sale and purchase, the subsequent delivery of the three loads to the defendant will not avail to take the case out of the operation of the statute ; and that the delivery of the hay, under the circumstances proved, only establishes three different and distinct contracts for each load ; so that an action could have been maintained by the seller for each load as it was delivered.

But this position cannot be maintained upon any reasonable and just construction of the language of the statute ; nor is it supported by a consideration of the purposes and objects which the statute was intended to accomplish. There is nothing in the statute, which fixes or limits the time within which a purchaser is to accept and receive part of the goods sold, or give something

in earnest to bind the bargain, or in part payment. It would fully satisfy its terms if the delivery or part payment were made in pursuance of a contract previously entered into. In New York it is expressly provided that the part payment under the contract shall be made " at the time." Rev. Sts. of N. Y., Pt. 2, *c.* 7, tit. 2, § 3. But no such language is found in any part of our statute. Nor can we see any good reason for implying that any such limitation was intended by its provisions.

The great purpose of the enactments, commonly known as the statute of frauds, is to guard against the commission of perjury in the proof of certain contracts. This is effected by providing that mere parol proof of such contracts shall be insufficient to establish them in a court of justice. In regard to contracts for sales of goods, one mode of proof which the statute adopts to secure this object is the delivery of part of the goods sold. But this provision does not effectually prevent the commission of perjury; it only renders it less probable, by rendering proof in support of the contract more difficult. So in regard to other provisions of the same statute; perjury is not entirely prevented by them; the handwriting of a party to be charged, or the agency of the person acting in his behalf, may still be proved by the testimony of witnesses who swear falsely. Absolute prevention of perjury is not possible. In carrying this great purpose of the statute into practical operation, it can add no security against the danger of perjury, that the act, proof of which is necessary to render a contract operative, is not contemporaneous with the verbal agreement. A memorandum in writing will be as effectual against perjury, although signed subsequently to the making of a verbal contract, as if it had been executed at the moment when the parties consummated their agreement by word of mouth. So proof of the delivery of goods, in pursuance of an agreement for their sale previously made, will be as efficacious to secure parties against false swearing, as if the delivery had accompanied the verbal contract. It is the fact of delivery under and in pursuance of an agreement of sale, not the time when the delivery is made, that the statute renders essential to the proof of a valid contract. It is to be

borne in mind that, in all cases where there is no memorandum or note in writing of the bargain, the verbal agreement of the parties must be proved. The statute does not prohibit verbal contracts. On the contrary, it presupposes that the terms of the contract rest in parol proof, and only requires, in addition to the proof of such verbal agreement, evidence of a delivery or part payment under it. It does not therefore change the nature of the evidence to be offered in support of the contract. It merely renders it necessary for the party claiming under it to show an additional fact in order to make it " good and valid."

The fallacy of the argument, pressed by the counsel for the defendant, seems to us to consist in assuming that the contract takes its legal force and effect from the time when its terms are verbally agreed upon ; and that therefore, being void when made, it cannot become valid by any subsequent act of the parties. It would be more correct to say, that, until the formalities required by the statute are complied with, there is no legal and valid contract entered into. The terms verbally agreed upon between the parties amount to little else than a proposition for a contract; and it is not until delivery of part of the goods takes place, or part payment is made, that it assumes the qualities of a legal contract; in the same manner as the written memorandum of the previous verbal agreement of the parties becomes in law the binding agreement between them. It is not, therefore, the subsequent delivery of goods, which gives vitality and force to a contract previously void. Until the delivery is made, no binding contract exists ; and when it takes place, the act of the parties unites with their previous verbal understanding to create a full, complete and obligatory agreement. In all cases like the present, a single inquiry operates as a test by which to ascertain whether a contract is binding upon the parties under the statute of frauds. It is whether the delivery and acceptance, whenever they took place, were in pursuance of a previous agreement. If the verbal contract is proved, and a delivery in pursuance of it is shown, the requisites of the statute are fulfilled. Such was the proof in the present case. The plaintiffs, if they had proved only a delivery of three loads of hay, would

not have made out their case against the defendant. But having also proved a previous contract of sale for the whole of the hay, as well as a delivery under that contract, they had established by competent proof a valid agreement, binding on the parties, for breach of which the plaintiffs might well maintain an action for damages. *Elliott* v. *Thomas*, 3 M. & W. 170. *Scott* v. *Eastern Counties Railway*, 12 M. & W. 33. *Vincent* v. *Germond*, 11 Johns. 283. *Davis* v. *Moore*, 13 Maine, 424. *Damon* v. *Osborn*, 1 Pick 476. *Thompson* v. *Alger*, 12 Met. 435. The case of *Seymour* v *Davis*, 2 Sandf. 239, cited by the defendant, has been substantially overruled by the later case in the court of appeals of New York of *McKnight* v. *Dunlop*, 1 Seld. 537.

It is true, as the counsel for the defendant suggests, that an action would lie against the plaintiffs to recover the price of each separate load of hay as it was delivered ; but this does not show that there was not an entire contract for the sale and delivery of all the hay stored in the two barns. The defendant could maintain an action to recover the price of each load, because such were the terms of payment agreed upon. So, too, he could recover damages for a breach of the contract, if the plaintiffs had refused to accept and receive the residue of the hay, after the delivery of the three loads. *Judgment for the plaintiffs.*