By the Court, B. Darwin Smith, J.
There is no particular dispute about the facts in this case. The witness Holmes was confessedly the agent of the de *387 fendant for the purchase of barley and appj.es at the time when he made the contract for the purchase of those articles of the plaintiff, as stated in the pleadings and in the testimony of the plaintiff. The contract for the purchase of the barley and the apples was made at the same time and in the same conversation, and would have been unquestionably a valid contract for the sale, both of the barley and the apples, independently of the statute of frauds. It was by parol, and nothing was advanced upon it, at the time, in part payment, either for the apples or the barley, and the said articles were not delivered, or either of them, or any part thereof, but were to be paid for, respectively, on delivery. The apples were subsequently delivered, accepted and paid for on the contract; and the only question in controversy is, whether such delivery took the case out of the statute in respect to the barley. The court below held, in effect, that the contract was an entire one, and that delivery of the apples took the case out of the statute. In this view I think the court erred, and the exceptions to the refusal of the court to nonsuit the plaintiff at the close of the plaintiff’s case, and also at the close of the evidence, were each well taken. The articles sold were of different characters; they were to be delivered at different times, and paid for respectively on delivery. The contract was to be executed distributively, as was said by Judge Denio in respect to the hogs sold, in the case of Tipton v. Feitner, (20 N. Y. 425.) The case seems to me precisely within the rule or exception stated by Chancellor Walworth in Mills v. Hunt, (20 Wend. 434.) In that case five parcels were purchased at the same sale, at auction; four were delivered, and the fifth not being delivered, the action was brought for such parcel. The court held that the delivery of the four parcels rendered the contract valid, and took it out of the statute for all, because all these parcels were to be delivered at the same time and paid for in one note, at *388 six months. But the chancellor said the case would be different “when the purchaser, either at a public or private sale, paid for and took delivery of some of the separate articles only, leaving the residue undelivered and wholly unpaid for; or where several articles were purchased at the same time, to be paid for on delivery, and the purchaser afterwards received and paid for some of the separate articles only.” The latter exception to the rule is precisely this case; and the case of Keeler v. Vandevere (5 Lans. 313) affirms this rule. The receipt of the apples did not take the case out of the statute, so far as relates to the barley, no more than if the contracts had been made at separate times. The contract in respect to the apples, and that in respect to the barley, were in effect separate in respect to their execution.
[Fourth Department, General Term, at Rochester,
September 10, 1872.
Mullin, Talcott and E. Darwin Smith, Justices.]
The court below erred in directing a verdict for the plaintiff, and the judgment and order should be reversed and a new trial granted, with costs to abide the event.