LOUIS M. BROCK AND MAGNUS WIENER, RESPONDENTS, v. BENJAMIN KNOWER AND OTHERS, APPELLANTS.

*Statute of frauds — when the acceptance of a part of the goods takes the whole contract out of the statute — variance between the proof and the allegations of the complaint, when immaterial — measure of damages for the breach of a contract to sell goods.*

The plaintiffs and defendants entered into an oral agreement whereby the latter agreed to sell to the former five cases of cloth at thirty-five cents a yard, together with sample pieces from which the plaintiffs were to select the styles desired, and advise the defendants of the time for the delivery of the cases. The defendants subsequently shipped three sample pieces to, and the same were received and accepted by the plaintiffs, each of which consisted of upwards of forty yards, for the price of which the plaintiffs were by the agreement to be charged. The defendants subsequently refused to ship the cases of goods as ordered by the plaintiffs upon the ground that the contract was void under the statute of frauds.

*Held,* that the evidence was sufficient to sustain a verdict that the contract was an entire one, and that the acceptance of the samples took the contract out of the statute.

*Seymour* v. *Davis* (2 Sandf., 239), and *Aldrich* v. *Pyatt* (64 Barb., 391), criticised and not followed.

At the time of sending the samples the defendants wrote to the plaintiffs saying, "for any further orders the price will be thirty-seven and a-half cents per yard."

*Held,* that it was for the jury to say whether or not the defendants intended to refer to the five cases which they had already agreed to sell.

The defendants claimed that as the complaint alleged a sale of the five cases only, and as the proof showed no valid agreement for the sale simply of five cases, it was error for the court to allow the plaintiffs to prove the sale of the samples and the five cases, and to validate the entire contract by showing an acceptance of the samples.

*Held,* that it was proper to receive the evidence.

That the measure of damages was the difference between the contract-price and the market value at the times at which the plaintiffs directed the cases to be delivered.

APPEAL by the defendants from a judgment, entered on a verdict at the Erie Circuit, and from an order denying a motion for a new trial made upon a case and exceptions.

The action was brought upon an alleged contract for the sale and delivery of goods by the defendants to the plaintiffs and to recover damages for a breach thereof on the part of the defendants occasioned by their refusal to deliver.

The plaintiffs claimed that an oral agreement was made at the defendants' store in the city of New York, in November, 1879, by which they agreed to sell and deliver to them five cases of Echo Lake cassimeres, containing 600 yards each, at thirty-five cents per yard; that in the contract was included sample pieces to be delivered, and from which the plaintiffs would select styles and advise of the time for delivery of the five cases.

The defendants caused to be sent to the plaintiffs, and they received and accepted, three sample pieces of upwards of forty yards each, designated as styles 1,001, 1,002, 1,003. And thereupon the plaintiffs, by letter, requested the defendants to send to them on January tenth or fifteenth one case 1,001, one case 1,002 and one case 1,003; and on March tenth or fifteenth one case 1,002 and one of 1,003. In the meantime the price of the goods had advanced, and the defendants refused to deliver them at thirty-five cents per yard. The plaintiffs recovered.

*S. Lockwood*, for the appellants.

*Norris Morey*, for the respondents.

BRADLEY, J. :

The alleged contract, when first orally made, was within the statute of frauds and void. The question here is, whether there was such acceptance by the plaintiffs of part of the goods embraced in the agreement as to give to it validity as one for the sale and delivery of the property in question. The absence of any written note or memorandum of the contract subscribed by the parties to be charged rendered it void, unless the buyers accepted and received part of the goods, etc. (2 R. S., 136, § 3.) The receipt and acceptance required in such case, by the statute, embraces delivery by the seller pursuant to the agreement, and in partial performance of it, of part of the goods so accepted and received.

One important question is whether the evidence supports the conclusion that the agreement to sell the sample pieces and the five cases of goods was one entire contract, or whether the engagement to furnish the pieces was a preliminary one and distinguished from the agreement to sell and deliver the cases. There is evidence tending to prove that the plaintiffs' order for the five cases at

thirty-five cents per yard was taken by the defendants and given the form of an unqualified agreement between the parties, and that at the same time it was agreed that the defendants should deliver to the plaintiffs the sample pieces at the same price, upon the receipt of which the latter would direct the styles and date of delivery of the five cases, thus making an agreement to sell and deliver the five ·cases and the pieces.

The defendants' counsel contends that the contract was not an ·entirety, and that the delivery of the sample pieces was a complete performance of one of two agreements, and that the one to sell and deliver the cases was another, and was not rendered effectual by such delivery and acceptance, and that they were characterized as distinct agreements by the fact that the articles were not deliverable nor the prices payable at the same, but at different times in the future. And in support of such contention cites *Seymour* v. *Davis* (2 Sandf., 239), and *Aldrich* v. *Pyatt* (64 Barb., 391). The fact that the sample pieces were to be delivered first, and the cases at time or times subsequently, does not of itself necessarily deny to the acceptance of the former the effect of making the agreement to deliver the latter valid. The views of the court given in *Seymour* v. *Davis* ·(*supra*), and in *Deming* v. *Kemp* (4 Sandf., 147), apparently sustain the position that a contract within the statute of frauds to sell and deliver goods, and to pay for them at future and different times, is not validated as a whole by the delivery and acceptance of one or more of the several parcels of it pursuant to the contract, but that they must be treated as several engagements for sale and delivery; and that each delivery and acceptance provided for by the contract is in recognition of a distinct contract and its complete performance and that it has no effect by way of relation upon the then future unperformed stipulations. And the former one of those cases seems to assert the proposition, that an acceptance of a part of the property subsequently to the making of the oral agreement does not have the effect to take it out of the statute of frauds. So far as these two cases may be treated as so holding they are not in harmony with the approved current of authority giving ·construction to the statute, and to the effect of partial delivery and acceptance, although the time of delivery and of payment is in the future and at different periods. (*McKnight* v. *Dunlop*, 5 N. Y.,

537; *Boutwell* v. *O'Keefe*, 32 Barb., 434, 437; *Van Woert* v. *A. and S. R. R. Co.*, 67 N. Y., 538.)

In *Aldrich* v. *Pyatt*, where the oral contract was to sell a quantity of apples and barley, the former to be delivered at once and the barley later, it was held that it embraced two distinct agreements, and that the delivery and acceptance of the apples did not validate that to sell the barley. If the court was right in the fact that there were two distinct contracts the conclusion was right. The justice who there delivered the opinion cited in support of his position *Tipton* v. *Feitner* (20 N. Y., 423), which presented an entirely different question and had relation only to the familiar rule that where several parts of a contract may be taken distributively in respect to time of payment as performance proceeds, and where entire performance is not made a condition precedent, the right to demand and recover payment to the extent of performance may exist although there has been failure or refusal to complete it. And the remedy for such default or breach is by way of recoupement or action only. (*Sickels* v. *Pattison*, 14 Wend., 257; *Snook* v. *Fries*, 19 Barb., 313.)

The fact, therefore, that the property was deliverable and the purchase-money payable at different times in the future did not necessarily deprive the contract in question of the character of entirety, or make it other than a single one in respect to all the goods embraced in its terms. The jury have found that the agreement was made as claimed by the plaintiffs, and that it was a single contract for the sale and delivery of the five cases and the sample pieces of the goods; and we think they were justified in so doing upon the evidence. The question arises whether the conclusion that the delivery and acceptance were such as to validate the agreement to sell the five cases is supported. The pieces were evidently delivered with the intent to vest title to them in the plaintiffs; and the latter accepted them as owner, and the inference was legitimate that the delivery and acceptance were pursuant to the agreement referred to. But it is insisted that they could not have had that effect, because: 1. The substantive agreement was to sell the five cases, and the sample pieces were furnished to enable the plaintiffs to select styles of the goods ordered, which depended upon such selection, and that in legal effect the delivery of them was on

different than the supply of samples to a person having in view a purchase. But samples as such constitute no part of goods embraced in a contract of purchase. (*Davis* v. *Lewis*, 7 Durn. & E., 17; *Carver* v. *Lane*, 4 E. D. Smith, 168.) Here was something more than samples and different as understood in the trade. They were entire pieces of goods, containing together 131 yards, and the contract for the purchase of them was at the same price as that for the goods in the cases, and were therefore a substantial portion of the goods which the defendants agreed to sell to the plaintiffs, and when delivered and accepted the latter became liable to pay for them ; and it may not be unreasonable to infer that the plaintiffs would not have desired to make a purchase of them alone. 2. It is also contended that before the sample pieces were delivered the defendants advised the plaintiffs and they were required to understand that the agreement in respect to the five cases would not be performed and therefore the acceptance of them could not validate the agreement. The defendants did by letter say to the plaintiffs that "for any further orders the price will be 37½ cents per yard." And in the same letter they advised the plaintiffs that they had directed the sample pieces sent to them, and they were afterwards delivered. It was for the jury to say whether the defendants included or intended to include in that statement the order for the five cases which had already been given by the plaintiffs and taken by them with the agreement to deliver at thirty-five cents. And the jury have found against the defendants on that question. The evidence was sufficient to present the question of fact whether the delivery made was pursuant to and in part performance of the agreement of which that to sell the five cases was a part, and under circumstances which rendered the receipt and acceptance of the three pieces effectual to validate the agreement.

The defendants' counsel also insists that the complaint is not supported by the evidence, and therefore the plaintiffs were not entitled to recover. This contention is made for the reason that the complaint alleges only an agreement for the sale of the five cases; that for the purpose of the pleading it is presumed to have been a valid contract and therefore in writing; that the proof fails to show any valid agreement for the sale of five cases, but that the plaintiffs on the trial to justify oral evidence

sought to prove an agreement which embraced more and other goods and to validate it by proof of acceptance and receipt of them under such other contract. While the basis of this contention is well founded in fact, we think there was not such variance between the pleadings and proof as to produce error in the reception of the evidence in support of the action on the plaintiffs' theory. When a cause of action is predicated on an alleged contract which is void unless in writing, and the presumption given to the complaint that it was in writing disappears, the action necessarily fails ; or when the contract alleged appears by the pleading to be legal and turns out otherwise on the trial the like result must follow. (*Livingston* v. *Smith*, 14 How., 490 ; *Washburn* v. *Franklin*, 7 Abb., 8.) But the fact that a contract within the statute of frauds for the sale of goods may be brought within the exception and rendered valid, distinguishes it from those classes of cases. While the agreement was for the sale of more than five cases of goods, the breach complained of related to them only. And the question was whether it was valid as to them and beyond that the inquiry was not important in respect to its terms for the purposes of the issue. There was no substantial variance produced by the omission to allege the entire agreement.

The rule of damages properly applicable on the evidence was the difference between the contract price and the market value as of the time stipulated for delivery. And there was no error in the refusal to charge otherwise. (*Davis* v. *Shields*, 24 Wend., 322; *Dana* v. *Fiedler*, 12 N. Y., 40 ; *Messmore* v. *N. Y. S. and L. Co.*, 40 id., 422.) The cases where the time of refusal to perform, or within a reasonable time thereafter, is adopted as that at which the market value or cost is to be taken as the basis of estimate of damage, are distinguishable in facts from those of the case at bar.

Whether the time designated by the plaintiffs for the delivery of the goods was reasonable or not within the meaning of the contract and contemplation of the parties was not a question in the case. The defendants did not make any objection in that respect but put their refusal to deliver on other grounds.

The several exceptions have been carefully examined and none of them seem to have been well taken. And while the questions of fact were in some respects close ones on the evidence, it was suf-

ficient to support the result given by the verdict, which we see no occasion to disturb.

The judgment and order should be affirmed.

SMITH, P. J., and BARKER, J., concurred.

Judgment and order affirmed.